Good morning, Your Honor. May it please the Court, Sarah Pelliquin, Federal Defenders, on behalf of the appellant, Mr. Kelly-Palmer. Mr. Kelly-Palmer was denied his right to allocation. The question comes down to this, that he was given a chance to speak before his supervised release was revoked, and you're saying he should be given a chance to speak then and then after that before the sentence is imposed, right? That's correct. It's our contention that And that depends on whether when the rules were changed to provide specifically for his right to allocation at the revocation hearing, they intended that to be the rule or to be added cumulatively to the rule on sentencing. That's correct. The advisory committee Do you know of any cases that say you have a right to speak twice? That you have the right to speak twice? No. No. However, the advisory committee's specific comments were that they were intending to add subsection E as recognizing the right of allocation. And that's because some courts did recognize it previously and gave him a right and others didn't, so that you had no right at all? And this resolved the problem in favor of you've got a right to speak. That's correct. And other circuits that have now addressed this issue have said that the right that was incorporated in subsection E is substantially the same right as the right to allocation that already exists in Rule 32, which was the law of this circuit before even the 2005 amendments. In the Ninth Circuit You had the right before, and in some circuits you didn't. That's correct. So this makes it clear you have a right to speak at the probation revocation hearing. At specifically at the sentencing portion. And in this case, what happened was Mr. Kelly Palmer was asked to speak before the court had made its specific finding that a violation had occurred. Do you have a position dependent on the proposition that there were really two different proceedings before the district court? Essentially, that's correct. The right of allocation is a specific That troubles me. I mean, it was a single proceeding, wasn't it? Let me ask you a different question. Suppose there was a deaf person sitting in the courtroom at that proceeding. Would the deaf person know that there were two different proceedings? I would think not. I would think it went right on. For example, in this court, frequently, as you heard earlier today, appeals involve several questions. But that doesn't mean that in the next case, the previous case, we've heard three appeals. It's all one appeal, and it has different segments. And why isn't this the same thing? Why isn't this one proceeding in which there were more than one issue to be decided, and therefore, as long as he was permitted to speak before the final decision was made, that's all that's required? Well, what we're contending is that the district court actually has to make two decisions as part of the revocation process. And we can look to 3553E, which is the statute that determines supervised release revocations. And we can look to that to flesh out what Rule 32.1 really means, because 32.1 is essentially implementing 3553E. And 3553E requires a finding by the preponderance of the evidence before supervised release can be revoked. And in this case, the finding has to be made in order to establish the revocation before the court can proceed to sentencing. And that's also what this Court said in Carper, that although it is, it can be one hearing for all intents and purposes, it doesn't have to be two separate days, what has to happen first is that the court determines whether or not there has been violation of conduct and can sustain the petition, and then the court turns to sentencing. And so only at the sentencing portion of the hearing can allocution occur, and that's the opportunity of the defendant to speak specifically at sentencing, knowing that a decision on the merits has been made and that the finding has been made. The basic issue in what you would call the second proceeding, what I would call the second phase of this proceeding, the basic question is whether the two sentences should be served concurrently or chronologically. Is that right? That's correct. That's correct. I think government counsel and defense counsel were asking for the same sentence. The only difference was that the defense was asking for concurrent time. Was he heard at all on that? I'm sorry. I didn't hear that. Was he? Did the court ask him and give him a chance to address that issue? Well, what the court specifically asked Mr. Kelly Palmer was if he had any comments before the court acted on the petition. And Mr. Kelly Palmer's response wasn't exactly responsive, in fact. And then what the court proceeded to do immediately after Mr. Kelly Palmer answered was to discuss at length the government's evidence and make the finding that Mr. Kelly Palmer was in violation of his supervised release. And because allocution is essentially a legal term of art, it requires a sentencing hearing, that the individual who's the subject of the sentencing hearing have an opportunity to speak to the court during the sentencing phase and not before and not after. And in this case, that's what happened. And so Mr. Kelly Palmer wasn't afforded the opportunity during the sentencing proceeding to address the court after the finding, which is the condition precedent before we can arrive at sentencing. And as you said, there are no cases that require that the defendant be given two opportunities to allocute. And here, it seemed to me that you recommended that Judge Huff give him 12 months. Is it your main concern that his sentence is consecutive to his prior 24-month sentence? I'm trying to get at here, what would the allocution be about? There's no cases that say that it has to happen just before sentencing and after he's been found guilty of violating probation. The argument that it can't be consecutive is precluded by 7.1.3.F. No needed parties seem to be aware of that section, which provides for that it be consecutive. I'm just trying to get at what your argument can possibly be about. Well, Your Honor, this Court's precedent is pretty clear with respect to allocation error, which is that if the district court has the ability to give a lower sentence, then it can't be harmless. And it's true that the guidelines do suggest that a supervised release sentence should run consecutively to another sentence. However, the district court certainly has the discretion to run it concurrently. And so in this case, the district court had the discretion to run the sentence concurrently. And Mr. Kelly Palmer's, the fact that he was not invited personally to speak during the sentencing portion of the hearing means that he was denied his right to allocute and fundamentally that the error was not harmless. And if the Court has further questions, I'm happy to answer them, or I could save the last one. I'd just like to refer to 71.3 in Subsection F. Any term of imprisonment imposed upon the revocation of probation or supervised relief shall be mandatory, shall be ordered to be served consecutively to any sentence of imprisonment that the defendant is serving. It's not discretionary. I'm sorry. This is 7 U.S.S.G. Paragraph 71.3, Subsection F. That's correct. And, again, the guidelines, as we know, are advisory. And so although the guidelines do make that directive, the district court doesn't have to follow that. It's not, for instance, obviously one of the rules that was enacted by Congress. And so the Court does have the discretion to sentence him concurrently, although the guidelines do advise something different. And although the guideline language is shall, it's not binding on the district  All right. Thank you. Good afternoon, Your Honors. May it please the Court. Stuart Young for the United States. Judge Nelson, as to your question about the policy statements, the parties were aware and the Court was actually aware, if you look at the record on page 49, when Ms. Pelliquin asked, Your Honor, if I might request, if Your Honor would consider perhaps running six months of that, 12 months concurrently, the Court responds, I did think about that. I did think about splitting some or doing some, but in reviewing the totality of information, the Court concludes in this instance that the most appropriate one, the policy statements of the advisory guidelines indicate that it would be consecutive. It is the United States position, especially down in the Southern District of California, that we routinely request that the sentences be consecutive. However, a number of the district judges in their discretion sometimes indicate that it will be concurrent rather than consecutive. Now, as to So you're suggesting he did exercise his discretion. If we assume it's discretionary because the guidelines are advisory, he considered  She did, yes. Judge Huff, yes. Forgive me. But, yes, I mean, it's clear, at least from the record, that she did consider that. And it's also clear from the record that she considered the policy statements of the guidelines, which are one of the factors that judges are supposed to consider in determining the sentence for a supervised release violation. Now, my defense counsel, appellant counsel, has discussed, she was talking about the 3553E. It's actually 3583E is what governs the supervised release revocations. And it's 3583E4, which talks about, upon a preponderance of the evidence, the district judge may revoke supervised release and impose a sentence. And it talks about doing this in accordance with the federal rules of criminal procedure, which would be 32.1B2. And if you look at 32.1B2, it's very clear appellant received a written notice that's in the record from pages 24 to 28. That's the actual written notice of the allegations. B, the appellant received disclosure of evidence. That's also Governance Exhibit 1 and Governance Exhibit 2A and 2B. That's in the supplemental experts of record. C, the appellant received the opportunity to appear and essentially to contest the evidence. Now, it's very clear in this case appellant was not contesting the evidence. The defendant had been found guilty, beyond a reasonable doubt, in the underlying 1326 violation that Ms. Pellicant and I tried before Judge Gonzales. Scalia. What I'm really most interested in as a general principle that we have to establish is whether you're entitled to an opportunity to make a statement as a defendant before the judge revokes your supervised release and then again when the judge is going to decide on the sentence. Go ahead. Or whether you're only entitled to make the statement before the decision to revoke and not entitled to make one as to what the sentence would be. It's our position that 32.1 actually, it's especially number, letter E, the opportunity to make a statement to get information and mitigation. That encompasses what the sentence should be. And let's be very clear about what was in the record. Appellant's counsel began her statement. I don't care about the record. I'm trying to find the general legal answer to this question because there are no cases directly on it, I think. There are no cases directly on the point you're on. And before that, in this circuit, we had a rule that said you're entitled to make a statement when the judge is going to sentence you, you know, following revocation. Now the question is, is this new rule 32 whatever it is, what B, whatever, is that intended to be a substitute for the right you previously had in this circuit or an addition to it? You may want to make statements to the judge as to why he shouldn't revoke it. And then if the judge does, you may want to say, well, don't give me the toughest possible sentence. And you may not want to say, when you're asking that it not be revoked, you know, you may want to be saying I didn't do anything. Later on, you might want to say, well, if I did it, you know, don't give me that stiff a sentence. So there is an argument that if you read the two together, the old rule and the new rule, you could say I'm entitled to two opportunities to speak. Or you could say this, the new rule substitutes for the old rule, and you're given your opportunity only before revocation rather than before revocation and before sentencing. My argument would be that the ‑‑ Well, I don't want your argument. Tell me what the answer is. I don't think there is an answer, Your Honor. I mean, I think there's no direct case on point on this issue, so this might be the first one. But in terms of the way the procedures are laid out, it's very clear that there is an opportunity to provide mitigating information and to make a statement before the court revokes supervised release and imposes sentence. Now, let's be very clear about what 3583E actually says. It says that the court, upon a preponderance of the evidence, will impose a sentence once it determines that there is a ‑‑ there's been a violation of supervised release. And so that the reading of that is very clear about how the district court is to consider the factors, consider the mitigating information, and determine once supervised release has been revoked an appropriate sentence. Now, I will say also in this case, the record is very clear that the only issue was whether the sentence should be concurrent or consecutive. And that was the only issue provided the entire time. Let me suggest, isn't perhaps an answer to ‑‑ you said, you gave, you answered Judge Reinhart's question saying you didn't have an answer. Isn't another answer perhaps, based on the colloquy when the court asked the prisoner what he, if he had something to say, that this case would not be an appropriate vehicle in which to try to announce the broad, decide the broad question. Because here, the only thing he said when the judge asked him whether he had anything to say before he decided on the revocation was, how about making the sentences concurrent? That's all he said. And so the question about, especially the sentence, the only issue before the sentence, he had already expressed his views at the first part. And it may well be that even if in some cases there should be the opportunity to address the court twice, in this case, and in a case where the ‑‑ he's given the first opportunity and all he addresses is the sentence, that fully satisfies any requirement under the rule. Judge Freeman, you have both succinctly and adequately stated what I should have stated to Judge Reinhart. I do agree that in certain cases ‑‑ Well, listen, I was interested as an intellectual matter in finding out what the rules were, and, you know, it may well be that in this case it doesn't matter that we didn't follow the rules if we didn't. I mean, it might well be if you're only given one opportunity. But, you know, since there are no cases, I was curious as to whether under the rules you're entitled to do or you're only entitled to one. There are always reasons not to answer those questions, and this might be a good case in which not to answer. But before we decide not to answer it, I was just curious as to whether you had ‑‑ as to whether rules provide for two opportunities, one before revocation and one before sentencing. There's a decent argument both ways. And I think if you extended the facts a little differently, if the defendant was affirmatively stating that they had not committed the offense or in those types of instances, it would be a very different question to be looking at. I think it's clear on this record that's the only thing the defendant cared about. He cared about it so much that after the judge indicated that she was going to impose the 12‑month sentence, the defendant then asked again. Post‑sentencing. Post‑sentencing. Hey, wait a second. Can we do it together rather than separately? I see I have 30 seconds left, unless there are further questions from the Court. Thank you. Thank you very much. Ms. Pellick, would I be interested in your response to Judge Friedman's suggestion in this case? It doesn't make any difference because his only response was, don't make it consecutive. And I understand that under the specific facts of this case, it's a little bit difficult to see what the rules actually mean. And I would just suggest that if you look at 32.1B2C, there's a separate opportunity for the defendant to present evidence at the revocation hearing, contesting the charges or presenting other types of evidence. So I do think that Judge Reinhart's question, which is whether there are, in fact, two opportunities to speak, I think subsection C here is not superfluous. It's intended to provide a separate right for an individual to present evidence before the finding is actually made. And then the question becomes, what does E add to this whole inquiry? And what E specifically added was a right of allocution. And allocution really was defined by the Supreme Court in United States v. Green. And what that right required was that at the sentencing hearing, the judge specifically invite the defendant to make a statement regarding the sentencing. And it's clear that Mr. Kelly Palmer said what, that he wanted concurrent time before the finding that the district court judge ultimately made, but before that finding was made. But it's our contention that allocution can only happen at the sentencing portion. And because the judge didn't invite Mr. Kelly Palmer to speak about sentencing at the sentencing portion of the hearing, that that's the reason his right to allocution was, in fact, denied. Because it's not just an opportunity to make a statement. It's the specific right of allocution as the Supreme Court has told us what allocution is. And that's when the judge invites you to speak at your sentencing hearing, and the defendant then has an opportunity to speak about sentencing. And so, unless there are other questions. Thank you. Thank you. All right. The case is argued as submitted. And the court will adjourn for the day.
judges: Friedman, Nelson D. W., Reinhardt